IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Dexter Thomas, III,<br><br>    Petitioner,<br><br>v.<br><br>Brian Stirling, *Director* SCDC; South Carolina Department of Corrections,<br><br>    Respondents. | C/A No. 0:23-cv-6978-SAL<br><br>**ORDER** |

Petitioner Robert Dexter Thomas, III, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 28 U.S.C. § 2254. This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending dismissal of Petitioner's action without prejudice. [ECF No. 14.] For the reasons that follow, this court adopts the Report and summarily dismisses this action without prejudice.

## BACKGROUND

As outlined in the Report, Petitioner initiated this action in December 2023 by filing a § 2254 petition challenging his life sentence. [ECF No. 1.] In particular, Petitioner seems to challenge his life sentence based on *Miller v. Alabama*, 567 U.S. 460 (2012), a case where the United States Supreme Court held that mandatory life imprisonment without the possibility of parole for those under age eighteen at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment. *See* ECF No. 14 at 1–2. From the petition, it appears Petitioner was over eighteen when he committed the crime for which he is now serving a life sentence, but he was only sixteen when he committed his first armed robbery offense. And his

1

first armed robbery offense resulted in an enhancement to his second armed robbery offense, for which he is now serving a life sentence. [ECF No. 1 at 1–2.]

The magistrate judge recommends that Petitioner's § 2254 petition be dismissed without prejudice and without requiring the Respondent to file a return. [ECF No. 14.] Attached to the Report was a notice advising Petitioner that he had the right to file objections to the Report and that he had fourteen days to do so. *Id.* at 5. On February 26, 2024, the court received Petitioner's objections. [ECF No. 16.] Subsequently, the court received an additional letter from Petitioner. [ECF No. 19.] The court has considered all of Petitioner's submissions. This matter is ripe for this court's review.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, Petitioner challenges a state criminal case sentence. The magistrate judge recommends dismissal of Petitioner's habeas action because Petitioner has not exhausted his state remedies. [ECF No. 14 at 3–4.] As noted by the magistrate judge, although not jurisdictional, the exhaustion requirement is strictly enforced in the habeas context. *Id.* And a review of the South Carolina Public Index shows Petitioner has not raised any claim related to *Miller* or his sentence in his state post-conviction relief action. *Id.*

Petitioner objects to the Report. Largely, Petitioner's objections consist of general disagreements with the state court and assertions of his constitutional rights, but these general

3

objections fail to point the court to any specific error in the Report. *See* ECF Nos. 16, 19; *Elijah*, 66 F.4th at 460 ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). For example, Petitioner suggests his First Amendment rights are withheld and argues he is a slave at the South Carolina Department of Corrections. [ECF No. 16 at 1.] He offers many arguments in his objections that are wholly unrelated to his petition or to the Report. *See id.* at 2–3 (complaining about conditions of confinement), 5–7 (arguing for prison reform). Elsewhere, Petitioner addresses an underlying issue raised in his petition—claiming "you can not be given a youth offender sentence for a violent crime, so by 17-2545 it should not be a second strike." *Id.* at 2. Petitioner claims his state sentencing was a mistake. But, ultimately, his general arguments and those that go to the underlying issue in the petition have no bearing on the recommended reasons for dismissal—Petitioner's failure to exhaust. For that reason, these objections are overruled.

As to the issue of exhaustion, Petitioner fails to demonstrate any proper attempts at exhausting his state remedies. Under 28 U.S.C. § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). The Report sets out the relevant law and how it applies to Petitioner's case. This claim for relief—broadly construed as a claim that Petitioner's life sentence violates the Eighth Amendment—has not been raised to the state court. In his objections, Petitioner only offers that "[t]he State Courts of the State of South Carolina ha[ve] dismissed my case with 'prejudice" and that means just what it says. It has barred me from being heard at any level . . . ." [ECF No. 16 at 1.] However, as noted in the Report, the court has reviewed Petitioner's

4

2018 PCR application, and there is no indication there or from Petitioner now that he has exhausted his *Miller* claim or any claim related to his sentence in state court. [ECF No. 14 at 3.] Accordingly, this objection is overruled. The court adopts the magistrate judge's recommendation that this case be dismissed without prejudice for failure to exhaust.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report, ECF No. 14. For the reasons discussed above and in the Report, Petitioner's § 2254 petition is **DISMISSED without prejudice, without leave to amend, and without issuance and service of process**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

September 9, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."